UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DOUGLAS LEATHEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-220 PPS |
| | ) | |
| CITY OF LAPORTE, INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On May 11, 2007, Plaintiff Douglas Leathem (Leathem), proceeding *pro se*, filed his complaint in this Court against several Defendants. On March 11, 2008, Leathem filed a "verified motion to recuse" attorney Shaw Friedman (Friedman). This Court construes Leathem's motion as a motion to disqualify. On March 18, 2008, Friedman filed a response in opposition to this motion, and on March 26, 2008, Leathem filed his reply.

On June 22, 2006, shortly after commencing this lawsuit, Leathem claims he had a lengthy discussion with Friedman about representing him. Leathem claims he told Friedman the facts of the case, and after which, Friedman advised Leathem that he could not take the case. On March 5, 2008, Friedman entered his appearance on behalf of a Defendant in this case.

While Leathem cites to various axioms of law, such as the attorney-client privilege, it appears that Leathem is alleging that Friedman should be disqualified for having a conflict of interest. More specifically, Leathem believes that he and Friedman formed some sort of legal relationship, and that Friedman learned information that could be used to Leathem's detriment if Friedman is allowed to continue representing one of the Defendants.

Friedman does not dispute that the telephone conversation between Leathem and himself took place, and Friedman admits that he heard Leathem recite a number of facts about his lawsuit before informing him that he could not represent him. However, Friedman contends that he learned nothing that would warrant disqualification due to a conflict of interest.

The 7th Circuit warns that disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary." Cromley v. Bd. of Educ., 17 F.3d 1059, 1066 (7th Cir. 1994) (quoting Freeman v. Chi. Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)). However, the 7th Circuit has also instructed that courts should resolve doubts in favor of disqualification. See United States v. Goot, 894 F.2d 231, 235 (7th Cir. 1990).

The Local Rules of this Court utilize both the standards from the Rules of Professional Conduct as adopted by the Supreme Court of Indiana and the Standards for Professional Conduct as adopted by the 7th Circuit. See N.D.L.R. 83.5(f). In the 7th Circuit, the clearly settled test in disqualification matters is the "substantial relationship" test as established by T.C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F. Supp. 265, 268 (S.D.N.Y. 1953). Westinghouse Elec. Corp. v. Gulf Oil Corp., 588 F.2d 221, 223 (7th Cir. 1978).

The substantial evidence test is often used in situations dealing with potential conflicts between a current client and a former client. See e.g. Exterior Systems, Inc. v. Noble Composites, Inc., 175 F. Supp. 2d 1112 (N.D. Ind. 2001). The 7th Circuit's inquiry under the substantial relationship test is composed of a three part inquiry. First, this Court must make a factual reconstruction of the scope of the prior legal representation. Second, this Court must determine whether it is reasonable to infer that the confidential information allegedly given

2

would have been given to a lawyer representing a client in those matters.  Third, this Court must determine whether that information is relevant to the issues raised in the litigation pending against the prior client.  LaSalle Nat'l Bank v. Lake County, 703 F.2d 252, 255-56 (7th Cir. 1983); Exterior Systems, Inc., 175 F. Supp. 2d at 1115-16.

An attorney-client relationship only exists after both the attorney and client have consented to its formation.  Matter of Anonymous, 655 N.E.2d 67, 70 (Ind. 1995).  Attorney-client relationships are formed when a person seeks legal advice or assistance, when the advice pertains to the attorney's professional competence, and when the attorney gives the desired advice.  Id.

In the present case Leathem and Friedman both admit that they had a discussion, but both also admit that Friedman provided no legal advice to Leathem.  In fact, it is undisputed that Friedman informed Leathem he could not and would not represent him after hearing Leathem recite the facts of his case.  It appears, therefore, that there was no attorney-client relationship to begin with.

However, the fact that there was not an explicit attorney-client relationship is not conclusive on the issue because there may be an implicit attorney-client relationship, which derives from the nature of the parties' interview.  See Bridge Products, Inc. v. Quantum Chemical Corp., 1990 WL 70857 at *3 (N.D. Ill. 1990).  A party that seeks to establish an implied attorney-client relationship must demonstrate that 1) he submitted confidential information to a lawyer and 2) that he did so with a reasonable belief that the lawyer was acting as his attorney.  DCA Food Industries, Inc. v. Tasty Foods, Inc., 626 F.Supp. 54, 59 (W.D. Wis. 1985) (citing Analytica, Inc. v. NPD Research, Inc. 708 F.2d 1263 (7th Cir. 1983)).

To determine whether there was an implicit attorney-client relationship, this Court must focus upon Leathem's understanding of the situation rather than Friedman's. Livers v. Wu, 6 F. Supp. 2d 921, 926 (N.D. Ill. 1998). Even under this analysis, however, Leathem still fails to establish an implicit attorney-client relationship. Leathem contends that he disclosed the facts of the case to Friedman and nothing more. Facts of the case have been disclosed in Leathem's complaint and various other filings by Leathem. Leathem's recitation to Friedman of facts cannot reasonably be construed as confidential information. See Hoban v. Strata Marketing, Inc., 1991 WL 204965 at *2 (N.D. Ill. 1991).

As a result, this Court concludes that Leathem and Friedman were not involved in an attorney-client relationship or an implicit attorney-client relationship. As a consequence, there is no substantial relationship between the two to warrant disqualification. Leathem's motion is **DENIED** [Doc. No. 80].

**SO ORDERED.**

Dated this 17th Day of April, 2008.

    S/Christopher A. Nuechterlein
    Christopher A. Nuechterlein
    United States Magistrate Judge