# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DOUGLAS LEATHEM, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:07-CV-220 PPS |
| CITY OF LAPORTE, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

In January 2003, Plaintiff Douglas Leathem was arrested and charged with child solicitation and possession of child pornography. The solicitation charge was eventually dismissed for lack of evidence, and Leathem entered a diversion agreement to resolve the other charge. Leathem then filed this action against the City of LaPorte, the LaPorte City Police Department, and several of its officers and employees on the grounds that they fabricated the case against him and deliberately destroyed electronic evidence. Defendant Todd McCoy, a LaPorte County computer forensics examiner, now moves to dismiss Leathem's claims against him. I construe McCoy's motion as a motion for judgment on the pleadings since it was filed after the pleadings were closed. For the following reasons, the motion is denied as to Leathem's Section 1983 claim for deprivation of due process and granted as to all other federal and state claims.

## I. BACKGROUND

According to the Complaint, on January 18, 2003, Leathem was picked up and detained by LaPorte City Police Detective Adam Klimczak and several other officers. (DE 60, Am. Compl. ¶ 20.) Five days later, he was arrested and formally charged with child solicitation and

possession of child pornography. (*Id.* ¶ 21.) At his initial hearing, trial was scheduled for November 3, 2003. (*Id.* ¶ 22.) Though the Complaint is unclear as to the dates of Leathem's detention, he spent at least three days in solitary confinement. (*Id.*) The solitary confinement was apparently necessary to protect Leathem from attacks by other inmates due to the nature of his charges. (*Id.*)

Four months after his arrest, evidentiary problems began to surface. The LaPorte Circuit Court ordered the prosecution to produce copies of the hard drives that were seized from Leathem. (*Id.* ¶ 23.) The first batch of copies was unreadable and the second batch contained potentially inauthentic photos and was missing chatroom conversations. (*Id.*) According to Leathem, the prosecution then provided a written copy of the hard drive material that was stripped of all dates, times and page numbers and otherwise failed to produce the requested material in discovery. (*Id.* ¶ 24.)

Meanwhile, Leathem's trial was rescheduled for November 8, 2004. On the eve of trial, Leathem filed a motion to dismiss citing lack of evidence. (*Id.* ¶ 25.) A motion hearing was held on November 4, 2004 – four days before the scheduled trial date. (*Id.* ¶ 26.) During this hearing, an expert for the prosecution testified that email evidence had been lost in violation of a court order requiring its preservation. (*Id.* ¶ 26.) The court dismissed the child solicitation charge for lack of evidence on January 14, 2005. (*Id.* ¶ 27.) Trial on the remaining child pornography charge was rescheduled for August 8, 2005. (*Id.* ¶ 30.) But the authenticity of the evidence on that charge was called into question too. At some point, a prosecution expert acknowledged that all of the child pornography photographic evidence against Leathem had identical origination dates and times. (*Id.* ¶ 28.) Leathem ultimately avoided trial by accepting

a diversion agreement from the prosecution under which he agreed to be evaluated for a sex offender program. (*Id.* ¶ 32.) The program recommended Leathem for participation, but he disputes the legitimacy of the evaluation. (*Id.* ¶ 33-34.) On March 28, 2006, after completion of the sex offender program, all remaining charges against Leathem were dismissed with prejudice. (*Id.* ¶ 37.)

On September 22, 2006, Leathem submitted a letter to the Mayor of the City of LaPorte and the state risk management commission notifying them of his allegations against the City and its officers, as well as his claimed damages. (DE 103-2.) On May 11, 2007, Leathem filed this action against Defendants alleging, among other things, that they fabricated, withheld and destroyed evidence in his criminal case.[1] (DE 1.) He seeks more than $15 million in damages.

## II. DISCUSSION

The Amended Complaint contains seventeen counts, not all of which apply to McCoy. The relevant claims against McCoy include federal causes of action for: deprivation of federal rights under 42 U.S.C. § 1983; conspiracy, and failure to prevent conspiracy, to interfere with civil rights under 42 U.S.C. §§ 1985-86; civil damages under the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. §1961 *et seq*.; and misprision of a felony under 18 U.S.C. § 4. Leathem has also sued McCoy for state law claims of false arrest, false imprisonment, intentional infliction of emotional distress, negligence, malicious prosecution and spoliation of evidence. McCoy moves to dismiss these claims under Federal Rule 12(b)(6) for failure to state a claim. Since McCoy has already filed his answer, I will treat his motion as

---

[1] Not knowing McCoy's name at the time, he later amended the Complaint to include McCoy on December 28, 2007. (DE 60.)

3

a motion for judgment on the pleadings under Rule 12(c). *See Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000). No matter, because the legal standard is the same: a motion under Rule 12(c) is not granted "unless it appears beyond a doubt that the non-moving party cannot prove any facts that would support his claim for relief." *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). At this stage, I must accept Leathem's allegations as true and draw all reasonable inferences in his favor. *Forseth,* 199 F.3d at 368. And since Leathem filed the Amended Complaint pro se, it is to be liberally construed.[2] *Benders v. Bellows & Bellows*, 515 F.3d 757, 767 (7th Cir. 2008). Nonetheless, "a plaintiff can plead [him]self out of court by alleging facts that show [he] is not entitled to a judgment." *Id.*

**A.      Section 1983 Claims**

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983. The statute itself is not a source of substantive rights, but is a means for vindicating federal rights conferred elsewhere. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489-90 (7th Cir. 1997). Thus in order to state a claim under Section 1983, a plaintiff must allege: (1) that the defendant has deprived him of a federal right; and (2) the defendant did so acting under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (internal citations omitted).

As to the first prong, Leathem alleges that McCoy violated his Fourth, Fifth, Eighth and

---

[2] Leathem retained counsel after his Amended Complaint was filed; therefore the liberal rules of construction still apply to Leathem's pro se complaint.

Fourteenth Amendment rights. His Fifth and Eighth Amendment claims are inapplicable to the facts of this case. The Fifth Amendment's Due Process Clause only governs federal actors. *Dusenberry v. United States*, 534 U.S. 161, 167 (2002). Since Leathem's allegations only involve local officials, his Fifth Amendment claim fails. And Leathem cannot establish an Eighth Amendment deprivation because he was never convicted of any charges. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003) (holding that the prohibition against cruel and unusual punishment only applies to persons convicted of crimes).

Leathem also runs into problems with his Fourth Amendment claim. He asserts two deprivations of his Fourth Amendment rights - wrongful arrest and malicious prosecution. Since Leathem does not allege that McCoy, a computer forensics examiner, was in any way involved in his arrest, he cannot sustain a claim for wrongful arrest against McCoy. As for his malicious prosecution claim, the Supreme Court recognized in a plurality opinion that such a claim is cognizable under the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 270-71, 275 (1994). The Court never explained the contours of a Fourth Amendment malicious prosecution claim and the circuit courts have developed a range of approaches since. *Wallace v. Kato*, 127 S.Ct. 1091, 1096 n.2 (2007). The Seventh Circuit concluded that "there is no constitutional right not to be prosecuted without probable cause, [therefore] a plaintiff could not state a section 1983 claim simply by showing that he was wrongly prosecuted but rather must establish that he was deprived of a specific constitutional right." *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 683 (7th Cir. 2007); *see also Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) ("[I]f a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious

prosecution.'"). Therefore, Leathem's stand-alone claim for malicious prosecution under the Fourth Amendment cannot survive.

Leathem does, however, sufficiently allege a deprivation of his Fourteenth Amendment rights. He states that the evidence mounted against him was fabricated, tampered with, withheld, destroyed and lost throughout his prosecution. It is "well established that investigators who withhold exculpatory evidence from defendants violate the defendant's constitutional due process right." *Manning v. Miller*, 355 F.3d 1028, 1034 (7th Cir. 2004). Investigators similarly violate a constitutional right to due process by fabricating evidence. *See id.* at 1033. If, as Leathem alleges, McCoy participated in the withholding or falsification of chatroom conversations and photographic images, then he has deprived Leathem of his due process rights under the Fourteenth Amendment.

Leathem's allegations readily satisfy the second prong under Section 1983 – that McCoy acted under color of state law. If McCoy in fact fabricated evidence, he was only able to do so because of his employment by the LaPorte Police Department as a computer forensics examiner. Since Leathem is suing McCoy in both his official (as well as his individual) capacity, he must further allege "that the actions on which liability is predicated took place pursuant to a government policy or custom." *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Leathem explicitly alleges that the policies of the City of LaPorte and its police department caused McCoy to deprive Leathem of his due process rights. (DE 60, Am. Compl. ¶ 58.)

McCoy asserts two affirmative defenses, which he claims have been satisfied by the pleadings. First, he argues that any claim relating to Fourteenth Amendment deprivations is barred by the statute of limitations because Leathem's period of detention ended in January

2003. But Leathem's Fourteenth Amendment claim is not limited to his detention. As explained above, Leathem articulates due process violations that allegedly occurred for the duration of his criminal case. Moreover, the Seventh Circuit has held that if a plaintiff's success on a Section 1983 claim would undermine the validity of a potential conviction for the underlying charge, the Section 1983 claim does not accrue so long as the potential for conviction exists. *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997). The reason is that, if a Section 1983 claim could proceed while criminal proceedings are ongoing, "there would be potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit." *Id.* at 556 (citations omitted). Since the last of the charges against Leathem were dropped in March 28, 2006, his claim did not arise until that date. For Section 1983 claims, I must apply Indiana's two-year limitations period for general personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 278-80 (1985); *Owens v. Okure*, 488 U.S. 235, 239-242 (1989); *see also* Ind. Code 34-11-2-4. Leathem filed this lawsuit within two years of the conclusion of his criminal case. Therefore, his Section 1983 claim under the Fourteenth Amendment is not time-barred.

Second, McCoy asserts qualified immunity. A plaintiff may defeat a qualified immunity defense (1) by alleging facts that, if true, would constitute a violation of a constitutional right and (2) if the right was clearly established so that a reasonable public official would have known that his conduct was unlawful. *See Moss v. Martin*, 473 F.3d 694, 702 (7th Cir. 2007). The allegations against McCoy, if true, implicate due process rights that are so fundamental that no public official would be able to plead ignorance of them. Therefore, I do not find that qualified immunity applies as a matter of law.

Accordingly, I find that Leathem states a claim that McCoy in his individual and official capacity violated his Fourteenth Amendment due process rights by fabricating and withholding evidence related to Leathem's criminal case.

**B.      Conspiracy (and Failure to Prevent Conspiracy) to Interfere with Civil Rights**

Leathem also attempts to assert claims under Sections 1985(3) and 1986 by alleging that McCoy's actions were part of a conspiracy to interfere with his civil rights, and that he failed to prevent such conspiracy. Section 1985(3), however, only applies to deprivations of equal protection or equal privileges and immunities. 42 U.S.C. § 1985(3). Leathem has not alleged any "class-based, invidiously discriminatory animus" behind the alleged conspiracy, so he cannot sustain a claim under that statute. *See Grimes v. Breckenridge*, 403 U.S. 88, 102 (U.S. 1971); *Kyle v. Morton High School*, 144 F.3d 448, 457 (7th Cir. 1998). Leathem's Section 1986 claim also must fail because liability under Section 1986 requires a predicate Section 1985 offense – which is lacking here. 42 U.S.C. § 1986; *Grimes v. Smith*, 776 F.2d 1359, 1363 (7th Cir. 1985).

**C.      RICO**

RICO makes it unlawful to conduct, or conspire to conduct, an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962. Leathem seeks damages under the civil RICO statute which provides civil remedies for any person injured as a result of a violation of RICO. 18 U.S.C. § 1964(c). According to Leathem, Defendants engaged in a "pattern of multiple predicate acts perpetrated . . . over a 3 year span." (DE 60 ¶ 8.) The Seventh Circuit effectively closed the door on RICO claims like the one asserted by Leathem in *Gamboa v.*

*Velez*, 457 F.3d 703 (7th Cir. 2006). In that case, Gamboa and others were charged with murder. *Id.* at 704. After being acquitted of all charges, Gamboa brought a RICO claim against the police officers who participated in his criminal investigation and prosecution. *Id.* Like the instant case, Gamboa alleged a number of acts of police misconduct over a period of several years including tampering with evidence. *Id.* at 706. The Seventh Circuit dismissed Gamboa's RICO claim, finding that Gamboa had not sufficiently alleged a pattern of activity under RICO. *Id.* at 706. The court reasoned that RICO is concerned with "eradicating organized long-term-habitual criminal activity"; whereas Gamboa's allegations only amounted to "a single, non-recurring scheme" with a distinct purpose of framing a handful of individuals for single crime. *Id.* at 705. The court further explained that "an innate part of our legal system is that some criminal defendants are acquitted, and some of those acquitted may have causes of action under state tort law and/or federal civil rights law . . . RICO is not a substitute." *Id.* at 710.

*Gamboa* is essentially indistinguishable from this case. Leathem does not sufficiently allege a pattern of police misconduct beyond the prosecution of his own criminal case. At best, Leathem alleges a single nonrecurring scheme of misconduct orchestrated by a several individuals. Therefore, RICO is not an appropriate cause of action under these set of facts and his claim must be dismissed.

**D.     Misprision of Felony**

Leathem's claim for failure to report a crime under 18 U.S.C. § 4 is also a nonstarter. The statute provides that:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be

fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4 (2006). Nothing in the statute grants or implies a private a right of action for the offense. And courts that have considered the issue have found that there is no private right of action that statute. *See e.g. Pankey v. Webster,* 816 F. Supp. 553, 558-59 (W.D. Mo. 1993); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985). Therefore, judgment on the pleadings is granted as to this claim.

E.  **Indiana State Law Claims**

Leathem asserts several tort claims against McCoy including false arrest, false imprisonment, intentional infliction of emotional distress, and negligence. McCoy argues that these claims are barred by the statute of limitations. The statute of limitations is an affirmative defense; thus, a complaint need not anticipate it to survive a motion to dismiss. *See U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But where the allegations of the complaint "plainly reveal[] that an action is untimely," the plaintiff may plead himself out of court. *Id.*

The Indiana Tort Claims Act provides that "a claim against a political subdivision is barred unless notice is filed . . . within one hundred eighty (180) days after the loss occurs." Ind. Code 34-13-3-8. The notice requirement also applies to suits against municipal employees. *Bienz v. Bloom*, 674 N.E.2d 998, 1004 (Ind. Ct. App. 1996). In addition, tort causes of action "begin[] to run when the plaintiff knew, or in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. It is not necessary that the extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Keep v. Noble County Dep't. of Pub. Welfare*, 696 N.E.2d 422, 425 (Ind. Ct. App. 1998) (internal citations and quotations omitted).

Leathem provided notice under the Tort Claims Act on September 22, 2006. (Motion to Dismiss at p. 5; Compl. at ¶ 19). Therefore, any claims he was aware of before March 26, 2006 (180 days prior to the notice) have expired.

Leathem's false arrest and false imprisonment claims are time-barred because he alleges those injuries were sustained in January 2003 – over four years before he submitted his Tort Claims Notice. Meanwhile, Leathem alleges that his claims for intentional infliction of emotional distress and negligence arose from McCoy's mishandling of evidence in his case. (DE 60, Am. Compl. at ¶ 70-73, 78-80.) If Leathem believed that the evidence against him was phony all along, then he was aware well before March 26, 2006 (over three years into his criminal proceedings) that he had sustained injuries as a result. Leathem argues that these claims are nonetheless still ripe under the doctrine of continuing wrong because McCoy continues to deprive him of the evidence in his criminal case. But this doctrine "does not prevent the statute of limitations from beginning to run when the plaintiff learns of facts that should lead to the discovery of his cause of action, even if his relationship with the tortfeasor continues beyond that point." *Johnson v. Blackwell*, 885 N.E.2d 25, 31 (Ind. App. Ct. 2008).

Leathem also asserts claims for spoliation of evidence and malicious prosecution. Indiana does not recognize a first-party claim for negligent or intentional spoliation of evidence; so that claim must be dismissed. *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349, 355 (Ind. 2005).

Leathem's malicious prosecution claim also fails because, as a municipal employee, McCoy is immune from such suits under Indiana law. The Tort Claims Act provides that "a governmental entity or an employee acting within the scope of the employee's employment is

11

not liable if a loss results from . . . the initiation of a judicial or administrative proceeding." Ind. Code 34-13-3-3(6); *see also Livingston v. Consol. City of Indianapolis*, 398 N.E.2d 1302, 1305 (Ind. App. Ct. 1979) ("[T]he legislature fully intended to extend immunity to the State of Indiana and other political subdivisions and their police officers in actions for malicious prosecution.").

### III. CONCLUSION

For the foregoing reasons, Defendant Todd McCoy's Motion for Judgment on the Pleadings [DE 102] is granted in part and denied in part. The motion is **DENIED** as to Leathem's claim under 42 U.S.C. § 1983 for deprivation of his Fourteenth Amendment due process rights. Judgment as to all other claims against McCoy is **GRANTED** in favor of McCoy. Per the Court's June 24, 2008 Order, any summary judgment motion by McCoy must be filed **no later than September 29, 2008**.

**SO ORDERED.**

ENTERED: September 10, 2008.

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
